COMMONWEALTH *vs.* LOUIS L. LAMOTHE, JUNIOR.

Middlesex.   December 4, 1961. — December 29, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & SPIEGEL, JJ.

*Attempt to Commit Arson. Malice. Words,* "Maliciously."

Discussion of the meaning of the word "maliciously" in the criminal law. [418–420]

Proof at a criminal trial that the defendant, with intent to burn a dwelling, set a fire on the porch thereof and walked away, that he "had no reason for doing it," and that the fire was extinguished after scorching the porch warranted a finding that he acted "maliciously" as well as "wilfully" and warranted a conviction under G. L. c. 266, § 5A, of attempting to burn the dwelling. [418, 420]

INDICTMENT found and returned on January 6, 1961.

There was a verdict of guilty at the trial in the Superior Court before *Vallely,* J. The judge reported the case.

*Ronald J. Chisholm,* (*Albert L. Hutton, Jr.,* with him,) for the defendant.

*Ruth I. Abrams,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.   The defendant was tried and convicted under an indictment which charged that on December 17, 1960, he "did attempt to wilfully and maliciously set fire to and burn a certain dwelling house of the property of Eugene Berube."

The material evidence was as follows: "On December 17, 1960, the defendant was drinking in the Moody Gardens on Moody Street, Lowell.   About 8 P.M. he left by the street exit, walked to the rear of the building and went up the rear stairway to a porch on the second floor of the same building.   The defendant then set fire to some papers that were on the porch, intending to burn the building.   He then left the premises and walked down the street.   The fire scorched the floor and the wall of the porch before it was extinguished.   The building was a dwelling house and was the property of Eugene Berube.   The defendant was later questioned by the police and when asked by . . . [them] why he set the fire, . . . [he] said that he had no reason for doing it."

At the close of all the evidence, the defendant presented a motion for a directed verdict of not guilty.   The motion was denied, subject to the defendant's exception.   In his charge, subject to the defendant's exception, the judge instructed the jury "that they could infer malice from the wilful act of setting the fire."   The judge, being of opinion that his rulings presented questions of law of such importance and doubt as to require the decision of this court, reported the case with the consent of the defendant.   G. L. c. 278, § 30.

Both exceptions present the same question, namely, whether malice can be inferred from the wilful attempt to burn the property.

The offence charged in the indictment is defined in G. L. c. 266, § 5A (inserted by St. 1932, c. 192, § 5) which, so far as material, reads, "Whoever wilfully and maliciously attempts to set fire to, or attempts to burn . . . any of the

buildings, structures or property mentioned in the fore-
going sections . . . shall be punished," etc. The defendant
concedes that the Commonwealth has proved all that is nec-
essary to sustain a conviction except the element of malice.
Proof of wilfulness, he contends, is not enough; there must,
he asserts, be proof also that the act was done out of a mo-
tive of cruelty, hostility, or revenge.

To ascertain the meaning of the word "maliciously" in
the statute we must turn to the common law, for the statute
was undoubtedly drawn against that background. At com-
mon law the offence of arson consisted of the wilful and
malicious burning of the house of another. 4 Blackstone,
Commentaries (21st ed.) p. 220. But the meaning given to
the word "malicious" when used in defining the crime of
arson is quite different from its literal meaning. Sir
Matthew Hale in his Pleas of the Crown (vol. 1 at page 569)
gives the following illustration, "But if A have a malicious
intent to burn the house of B and in setting fire to it burns
the house of B and C or the house of B escapes by some
accident, and the fire takes in the house of C and burneth
it, tho A did not intend to burn the house of C yet in law it
shall be said the malicious and wilful burning of the house
of C and he may be indicted for the malicious and wilful
burning of the house of C." Modern authorities are to the
same effect. *Tillotson* v. *United States,* 231 F. 2d 736, 739–
740 (Ct. App. D. C.). *Morris* v. *State,* 124 Ala. 44, 47.
*Love* v. *State,* 107 Fla. 376. Perkins on Criminal Law, pp.
172–176. As was said by the Supreme Court of Errors
of Connecticut, in *State* v. *Pisano,* 107 Conn. 630, 632, "The
malice which is a necessary element in the crime of arson
need not be express, but may be implied; it need not take
the form of malevolence or ill will, but it is sufficient if one
deliberately and without justification or excuse sets out to
burn the dwelling-house of another."

We are mindful that the defendant is not charged with
common law arson or with its statutory counterpart, de-
fined by G. L. c. 266, § 1; he is charged with having at-
tempted to burn a building. But what we have said with

reference to the meaning of the word "maliciously" in the common law crime of arson is none the less applicable, for the statutory offence defined by § 5A is so closely related to arson that it is very unlikely that the Legislature intended the word to be used in a different sense. Support for this view may be found in *Commonwealth* v. *Mehales,* 284 Mass. 412 (a case construing § 5A), where it was said at page 415, "The malice now essential under that statute is not necessarily against the owner of the building, but that malice which 'characterizes all acts done with an evil disposition, a wrong and unlawful motive or purpose; the wilful doing of an injurious act without lawful excuse.' Shaw, C.J., in *Commonwealth* v. *York,* 9 Met. 93, 104."

The defendant relies heavily on a line of cases involving prosecutions for malicious mischief. *Commonwealth* v. *Walden,* 3 Cush. 558. *Commonwealth* v. *Williams,* 110 Mass. 401. *Commonwealth* v. *Hosman,* 257 Mass. 379. But these cases are not in point. In offences of that sort it has generally been recognized that malice has a meaning quite different from its ordinary meaning in the criminal law. Anderson, Wharton's Criminal Law & Procedure, § 657. This distinction has been well stated in *Commonwealth* v. *Goodwin,* 122 Mass. 19. There it was said at page 35, "The wilful doing of an unlawful act without excuse is ordinarily sufficient to support the allegation that it was done maliciously and with criminal intent."

It follows that the judge did not err in submitting the case to the jury and in instructing the jury as he did. The entry must be

*Judgment affirmed.*