STATE OF WEST VIRGINIA

*v.*

HAROLD JAMES MORGAN

(No. 14193)

Decided December 15, 1981.

*Fitzsimmons & Parsons and William E. Parsons, II,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, and *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

PER CURIAM:

This is an appeal by Harold James Morgan from an order of the Circuit Court of Harrison County sentencing

him to seventeen years in the state penitentiary for armed robbery. The appellant's only assertion is that the trial court erred in failing to conduct an *in camera* hearing before allowing witnesses to identify him in open court as the perpetrator of the crime. The appellant had, prior to the identification, asserted that the witnesses who were about to identify him had participated in constitutionally infirm pretrial identification procedures. After examining the record, we conclude that the court should have conducted the *in camera* hearing, and we remand with directions.

On July 27, 1974, two men robbed the Farm Fresh Super Market in Salem, West Virginia. On the next day two employees of the market, Donna Van Pelt and John Carroll Bartlett, in a photo show-up, identified a photograph of the appellant as being that of one of the robbers. The appellant was subsequently indicted and tried for the crime.

At the commencement of the appellant's trial, prior to opening statements, defense counsel, out of the presence of the jury, moved to suppress any identification evidence resulting from the pretrial photo show-ups which he claimed were impermissibly suggestive. The court denied the motion.

Later, while Ms. Van Pelt was testifying, when it appeared that she was about to be asked to identify the appellant, defense counsel again questioned the admissibility of the identification evidence and moved for an *in camera* hearing to resolve the question. At the bench the court indicated that Ms. Van Pelt had not been asked if she could identify the appellant, and the court denied the motion. Shortly thereafter, Ms. Van Pelt identified the appellant as one of the perpetrators of the crime.

Later Ms. Van Pelt testified that she had seen two sets of photospreads of five or six photos per set and that there was one photo of the appellant in each set. She also testified that she had identified the appellant in a line-up and again at the appellant's preliminary hearing.

The appellant was identified a second time during trial by John Carroll Bartlett, the other Farm Fresh employee. Bartlett testified that he also had seen photographs of the appellant, that he had attended a line-up and identified the appellant, and that he had seen him at the preliminary hearing.

In the present proceeding the appellant asserts that the trial court erred in failing to conduct an *in camera* hearing to determine the admissibility of identification evidence when there was a possibility that the evidence was based on impermissible pretrial identification procedures.

Our rule on the requirement of an *in camera* hearing to determine the admissibility of questionable identification evidence has been set forth in Syllabus Point 6 of *State v. Pratt,* 161 W. Va. 530, 244 S.E.2d 227 (1978), as:

> "A defendant must be allowed an *in camera* hearing on the admissibility of a pending in-court identification when he challenges it because the witness was a party to pre-trial identification procedures that were allegedly constitutionally infirm."

*See also, State v. McCormick,* ____ W. Va. ____, 277 S.E.2d 629 (1981); State v. Watson, ____ W. Va. ____, 264 S.E.2d 628 (1980).

In *State v. Vance,* ____ W. Va. ____, 262 S.E.2d 423 (1980), we recognized that the failure to conduct an *in camera* hearing would not always be fatal. We suggested that such would be the case where there was sufficient evidence in the record to show that there was an independent basis for the in-court identification.

In its brief filed in the case now before us the State concedes that counsel for the appellant made a timely request for an *in camera* hearing to determine the admissibility of the identification evidence. The State also recognizes that *State v. Pratt, supra,* requires a hearing. However, the State argues that the appellant's conviction should not be overturned because of the court's failure to grant a hearing since there was sufficient evidence in the record to show that there was an independent basis for

the testimony of Ms. Van Pelt and Mr. Bartlett. The State argues that Ms. Van Pelt gave a "thorough description" of the appellant's wearing apparel and his physical appearance. The State also argues that Mr. Bartlett's testimony was "very convincing."

We have carefully reviewed the record of this case and we do not agree that the testimony of Ms. Van Pelt and Mr. Bartlett showed that their identification of the appellant had a basis other than the photo show-up and the other pretrial identification procedures. Neither of the witnesses gave a detailed description of the appellant at the trial, nor was there any attempt to develop evidence relating to the five factors outlined in Syllabus Point 3, *State v. Casdorph*, 159 W. Va. 909, 230 S.E.2d 476 (1976), which should be considered in determining if there was an independent basis for identification other than the suggestive pretrial identification procedures. Syllabus Point 3 of *Casdorph* requires that:

> "In determining whether an out-of-court identification of a defendant is so tainted as to require suppression of an in-court identification a court must look to the totality of the circumstances and determine whether the identification was reliable, even though the confrontation procedure was suggestive, with due regard given to such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

*See also, State v. Foddrell*, ____ W. Va. ____, 269 S.E.2d 854 (1980); *State v. Williams*, 162 W. Va. 309, 249 S.E.2d 758 (1978); *State v. Kennedy*, 162 W. Va. 244, 249 S.E.2d 188 (1978).

The purpose for holding an *in camera* hearing is to enable the trial court to determine out of the presence of the jury whether the pretrial identification procedures were proper and if they were not then to consider whether

the identifying witness had an independent basis for making the identification.

We do not, however, reverse the appellant's conviction, but instead we remand this case for a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) type hearing, a procedure which we have followed in the past. *White v. Mohn*, 283 S.E.2d 914, (W.Va. 1981); *State v. Lawson*, ____ W. Va. ____, 267 S.E.2d 438 (1980); *State v. Brewster*, ____ W. Va. ____, 261 S.E.2d 77 (1979).

The purpose of our remand is to permit the trial court to conduct a proceeding comparable to an *in camera* hearing. On remand, the trial court should determine if the original pretrial identification procedures were impermissibly suggestive. If the pretrial identification proceedings were not impermissibly suggestive, the defendant's conviction will stand. On the other hand, if the court finds them to be impermissibly suggestive, it will then determine under the test set out in *State v. Casdorph* whether the identifying witnesses have an independent basis for their identification (other than the suggestive pretrial identification procedures). If the witnesses do have such independent basis, the conviction will stand. If they do not, the trial court must set aside the conviction and award a new trial. This type of remand procedure has been adopted by the United States Supreme Court in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), *See, Cribbs v. State*, 297 So.2d 335 (Fla.App. 1974); *State v. Porraro*, 404 A.2d 465 (R.I. 1979); *State v. Mitchell*, ____ Tenn. ____, 593 S.W.2d 280 (1980).

For the foregoing reasons we remand the case to the Circuit Court with directions as outlined above.

*Remand with directions.*