STATE OF WEST VIRGINIA

*v.*

GRANT ALLEN YATES, JR.

(No. 14670)

Decided March 11, 1982.

*George R. Higinbotham* for plaintiff.

*Chauncey H. Browning,* Attorney General, and *Silas B. Taylor,* Assistant Attorney General, for defendant.

PER CURIAM:

This is an appeal by Grant Allen Yates, Jr., from an order of the Circuit Court of Marion County sentencing him to from one to ten years in the state penitentiary for second degree arson. The appellant argues that the evidence adduced during his trial did not support the jury's verdict.* After examining the record we disagree, and we affirm the appellant's conviction.

The appellant was indicted for willfully and maliciously setting a fire which destroyed his father's printing shop

---

* The appellant makes a number of assignments of error which all ultimately involve whether the evidence supported the jury's verdict. In his petition he also raised procedural points which he abandoned in his brief.

on January 7, 1978. In the course of the trial on the indictment evidence was introduced showing that the appellant had had misunderstandings with his father and that he had not accepted his father's second marriage. Evidence was also introduced showing that the appellant had entered the printing shop through a window on the night of the fire. At around 2:30 a.m. on January 7, 1978, he was seen leaving the shop and stopped by police and asked to identify himself. At 2:48 a.m. on that day a fire was discovered at the premises.

The principal witness for the State during the trial was Robert Hall, a Deputy State Fire Marshal. He investigated the fire twelve hours after it was discovered. He concluded from the investigation that the fire had been deliberately set.

In the course of the trial the appellant testified and denied that he had set the fire. He also called as an expert witness Russell Rex Haines. Mr. Haines had investigated the fire and he testified that it was of accidental origin. His findings were substantially different from those of Deputy Marshal Hall.

After considering the evidence the jury returned a guilty verdict.

In syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978), we said:

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

In the particular arson context we have recognized that to sustain a conviction the evidence must shown that the

fire was of an incendiary origin. *State v. Jones*, 161 W.Va. 55, 239 S.E.2d 763 (1977). And the defendant must be connected with the fire where the evidence is of a circumstantial nature. *State v. Clay*, 135 W.Va. 618, 64 S.E.2d 117 (1951).

In the case before us the evidence on the origin of the fire was conflicting. Deputy Marshal Hall, who qualified as an expert, expressed the opinion that it was of incendiary origin. The appellant and his expert, Mr. Haines, indicated that it was of accidential origin. In view of the conflict, resolution of the question of the origin of the fire depended upon the credibility of the witnesses. Defense counsel meticulously cross examined Deputy Marshal Hall, and factors reflecting on his credibility were fully developed and presented to the jury. Likewise, the appellant and his witnesses were fully examined. Under the circumstances we cannot conclude that the jury, one of whose functions is to resolve credibility questions, erred in finding an incendiary origin.

We also believe that there was sufficient evidence for the jury to conclude that the appellant was personally connected with the fire. There was evidence that he entered the premises under suspicious circumstances on the night of the fire, and he was spotted on the premises within twenty minutes of the time the fire was first observed. He admitted that he had been on the premises just prior to the conflagration. The testimony of the experts included plausible evidence that the fire had been burning for some time prior to its being reported.

We, in conclusion, do not believe that the evidence was manifestly inadequate and that consequent injustice has been done, and we conclude that under syllabus point 1 of *State v. Starkey*, *supra*, the appellant's conviction should be affirmed.

Accordingly, the judgment of the Circuit Court of Marion County is affirmed.

*Affirmed.*