357 S.E.2d 769

**STATE of West Virginia**

v.

**Kim Wesley DAVIS.**

**No. 17070.**

Supreme Court of Appeals of West Virginia.

May 15, 1987.

second floor in a cell area. The small fire fueled by paper from newspapers and magazines did not burn the jail or the personal property of the inhabitants of the jail. Jailor Robert Chambers saw the fire via a television monitor system. He requested that the communications center get backup assistance. After waiting approximately five to ten minutes for the backup, when the officers entered the cell area, the fire had died out.

A grand jury indicted the defendant on charges of arson and attempted arson. A jury trial was held on August 19 and 20, 1985. At the close of the State's evidence, the trial court directed a judgment of acquittal on the two arson counts, but found that the State had made a prima facie case of attempted arson.

David Johnson, Asst. Atty. Gen., for appellant.

Edwin C. Runner, Kingwood, for appellee.

MILLER, Justice:

Kim Wesley Davis appeals his conviction for attempted arson by a jury in the Circuit Court of Preston County. Several errors are raised by the defendant. The first is that the the indictment was improperly indorsed by the jury foreman. The defendant also argues that the State failed to prove the defendant intended to willfully and maliciously set the fire. He also claims that the trial court failed to properly charge the jury about the element of criminal intent and that the State failed to prove a jail is a "dwelling" as defined in the arson statute. He claims that the trial court failed to conduct a hearing relative to his mental competency to stand trial and that he was entitled to a copy of the tape recording of his psychiatric examination. Finally, he asserts the trial court erred in allowing the prosecutor to argue a new theory not supported by the evidence during closing rebuttal argument.

· On the night of May 18, 1985, approximately one-half hour after lock-up, a fire occurred in the Preston County jail on the

## I.

The defendant first contends that the trial court erred in refusing to dismiss the indictment. The defendant's motion to dismiss, made a month before trial, was predicated on the fact that the indorsement of the grand jury foreman appeared on the face of the indictment rather than on the reverse. The defendant contends that this was a fatal defect relying on W.Va.Code, 62–9–1, which provides, in pertinent part:

"Said indictment shall have legibly indorsed on the reverse side thereof the words 'State of West Virginia versus ....... Indictment for a .......... (Felony or Misdemeanor, as the case may be).

....·...... Foreman of the Grand Jury.

Attest: ........, Prosecuting Attorney of ........, county, West Virginia.' "

In referring to the provisions of this statute, we have held that "[t]he requirement in each particular is mandatory." Syllabus Point 7, in part, *State v. De Board*, 119 W.Va. 396, 194 S.E. 349 (1938); Syllabus Point 2, in part, *State v. Burnette*, 118 W.Va. 501, 190 S.E. 905 (1937). We have never held, however, that the failure to indorse or attest the indictment on the reverse side is a fatal defect when

the indorsement and attestation appear on the face of the indictment. In *State v. Huffman,* 141 W.Va. 55, 71, 87 S.E.2d 541, 551 (1955), we explained that the purpose served by the indorsement of the grand jury foreman and the attestation by the prosecutor under W.Va.Code, 62–9–1, is to prevent the substitution or the use of an indictment other than the one actually returned by the grand jury.[1] *See also State v. Burnette, supra.*

■ This purpose can be accomplished equally as well by an indorsement on the face of the indictment as by an indorsement on the reverse side. This is suggested by Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure, W.Va.R.Crim. P., adopted by this Court effective October 1, 1981, which provides in part: "An indictment shall be signed by the foreman of the grand jury and the attorney for the State." This procedural rule does not specify that the indictment be signed in any particular place.

We have traditionally held that under our rule-making authority, Article VIII, Section 3 of the West Virginia Constitution,[2] rules promulgated by this Court have the force and effect of law and will supersede procedural statutes that conflict with them. *State ex rel. Watson v. Ferguson,* 166 W.Va. 336, 274 S.E.2d 440 (1980); *State v. Byrd,* 163 W.Va. 248, 256 S.E.2d 323 (1979); *State v. Gary,* 162 W.Va. 136, 247 S.E.2d 420 (1978); *State v. Bolling,* 162 W.Va. 103, 246 S.E.2d 631 (1978); *Stern Bros., Inc. v. McClure,* 160 W.Va. 567, 236 S.E.2d

222 (1977); *State ex rel. Partain v. Oakley,* 159 W.Va. 805, 227 S.E.2d 314 (1976).

We, therefore, conclude that Rule 7(c)(1), W.Va.R.Crim.P., supersedes the provisions of W.Va.Code, 62–9–1, to the extent that the indorsement of the grand jury foreman and attestation of the prosecutor are no longer required to be placed on the reverse side of the indictment. Such indorsement and attestation are sufficient if they appear on the face of the indictment.

Since the indictment in this case complies with the requirements of Rule 7(c)(1), W.Va.R.Crim.P., we find no reversible error in the trial court's denial of the defendant's motion to dismiss the indictment.

## II.

■ The defendant claims that the State failed to prove any intent or motive for the fire. It must be remembered that the defendant's conviction was for attempted arson. We have stated this general rule with regard to the crime of attempt in Syllabus Point 2 of *State v. Starkey,* 161 W.Va. 517, 244 S.E.2d 219 (1978):

"In order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime."

Our attempted arson statute, W.Va.Code, 61–3–4, speaks of any person who "wilfully and maliciously attempts ... to burn ... or who commits any act preliminary thereto." [3]

---

1. The particular language of *Huffman,* 141 W.Va. at 71, 87 S.E.2d at 551, is: "The obvious purpose of this requirement of the statute is to identify and authenticate the indictment and to prevent the substitution or the use of an indictment other than the indictment actually returned by the grand jury upon which the accused should be tried."

2. The pertinent provision of Article VIII, Section 3 of the West Virginia Constitution states: "The court shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process practice and procedure, which shall have the force and effect of law."

3. Attempted arson is set out in W.Va.Code, 61–3–4, which provides:

"(a) Any person who wilfully and maliciously attempts to set fire to, or attempts to burn or to aid, counsel or procure the burning of any of the buildings or property mentioned in the foregoing sections, or who commits any act preliminary thereto, or in furtherance thereof, shall be guilty of arson in the fourth degree and upon conviction thereof be sentenced to the penitentiary for not less than one nor more than two years, or fined not to exceed one thousand dollars.

"(b) The placing or distributing of any inflammable, explosive or combustible material or substance, or any device in any building or property mentioned in the foregoing sections,

In the proof of the substantive crime of arson as distinguished from the crime of attempted arson, we have customarily held that the fire must be of an incendiary origin and that the defendant must be personally connected to the fire. *E.g., State v. Yates*, 169 W.Va. 453, 288 S.E.2d 522 (1982); *State v. Jones*, 161 W.Va. 55, 239 S.E.2d 763 (1977). The phrase "wilfully and maliciously" in our arson statutes is common to arson statutes in other states. Courts have rather uniformly held that this phrase means an intentional as distinguished from an accidental burning and without lawful reason, cause, or excuse, as illustrated by *State v. Dunn*, 199 N.W.2d 104, 107 (Iowa 1972):

> "As here employed 'willfully' means purposely, deliberately, intentionally. . . .
>
> "And the word 'maliciously', when used in a legislative enactment pertaining to the crime of arson, denotes that malice which characterizes all acts done with an evil disposition, a wrong and unlawful motive or purpose; that state of mind which actuates conduct injurious to others without lawful reason, cause or excuse." (Citations omitted).

*See also State v. Scott*, 118 Ariz. 383, 576 P.2d 1383 (1978); *People v. Green*, 146 Cal.App.3d 369, 194 Cal.Rptr. 128 (1983); *State v. Pisano*, 107 Conn. 630, 141 A. 660 (1928); *Commonwealth v. Lamothe*, 343 Mass. 417, 179 N.E.2d 245 (1961);[4] *People v. McCarty*, 303 Mich. 629, 6 N.W.2d 919 (1942); *State v. Eubanks*, 83 N.C.App. 338, 349 S.E.2d 884 (1986); *see generally* 5 Am. Jur.2d *Arson & Related Offenses* § 11 (1962); 6A C.J.S. *Arson* § 8 (1975).

▮ Thus, for purposes of an attempted arson, the requisite proof for the State to show under *Starkey* is a specific intent to commit the underlying crime, i.e., arson, and an overt act toward its completion.

▮ The State presented testimony from Jailor Chambers, Police Dispatcher Paul Short, and three law enforcement officers. Mr. Chambers, Mr. Short, and City Police Officer Wilbur McCabe testified that while waiting for backup assistance, they watched the cell area television monitor and saw an arm extend from Cell No. 4 and drop lighted matches and additional paper onto the dying out fire causing the fire to flame briefly.

The officers removed the defendant from Cell No. 4. Deputy Sheriff Ronald Nazelrod and Conservation Officer Richard McCrobie testified that they searched the defendant's cell and found matches and torn newspaper. After the search, Deputy Nazelrod took photographs of the burned paper piled in front of Cell No. 4. The defendant was the only occupant of Cell No. 4. Consequently, the intent to burn and his personal involvement in it were shown.

This evidence was sufficient to prove an attempted arson under our traditional rule for reviewing the sufficiency of the evidence in a criminal case found in Syllabus Point 1 of *State v. Starkey, supra:*

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the State's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

*See also* Syllabus Point 1, *State v. Williams*, 172 W.Va. 295, 305 S.E.2d 251 (1983).

---

in an arrangement or preparation with intent to eventually, wilfully and maliciously set fire to or burn same, or to procure the setting fire to or burning of same shall, for the purposes of this section constitute an attempt to burn such building or property."

**4.** *Commonwealth v. Lamothe*, 343 Mass. at 417, 179 N.E.2d at 246, traces this phrase to its com-

mon law origins stating: "At common law the offence of arson consisted of the wilful and malicious burning of the house of another. 4 Blackstone, Commentaries (21st ed.) p. 220. But the meaning given to the word 'malicious' when used in defining the crime of arson is quite different from its literal meaning."

### III.

■ The defendant assigns as error that the State failed to prove that the Preston County jail was a "dwelling" under W.Va. Code, 61–3–1. The property distinctions that are relevant to determine the degree of other arson charges are irrelevant under our attempted arson statute, W.Va.Code, 61–3–4, which specifically incorporates "any buildings or property mentioned in the foregoing sections." Thus attempted arson is not confined to a dwelling. *See generally State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

### IV.

The defendant argues that the trial court erred in not holding a hearing to determine his mental competency to stand trial. The defendant made a motion pursuant to W.Va.Code, 27–6A–1, requesting an examination to determine whether he was competent to stand trial and whether he was criminally responsible by reason of mental illness. The court ordered a Dr. Joel Allen to examine the defendant. He considered medical reports of the defendant's recent suicide attempts resulting in an April, 1985 involuntary commitment to Weston State Hospital. Dr. Allen characterized the defendant's behavior as manipulative, determined that the defendant understood the trial process, and found him competent to stand trial.

■ On August 7, 1985, the trial court, based on Dr. Allen's written report, found that the defendant was competent to stand trial and was criminally responsible. The trial court ordered that Dr. Allen's psychiatric report be sent to the prosecuting attorney, the defendant, and his counsel, along with the court's finding. The defen-

dant was entitled to request a competency hearing under W.Va.Code, 27–6A–1(d).[5] This statutory procedure indicates that when a defendant and his counsel have notice of the court's finding of competency to stand trial, under W.Va.Code, 27–6A–1(d), their failure to make a request for a competency hearing within a reasonable time from the receipt of the court's finding will constitute a waiver of the right to such a hearing.

In *State v. Church*, 168 W.Va. 408, 414, 284 S.E.2d 897, 901 (1981), we spoke to this Code section and indicated that the defendant had an obligation to request such a hearing, if he desired one, after there had been a medical finding as to his competency to stand trial:

"The defendant in this case had notice of the findings and opinions of the psychiatrist and psychologist who had examined him. He did not request a competency hearing at any time prior to trial. He was not, therefore, prejudiced by the trial judge's failure to make a finding of competency in compliance with *W.Va. Code*, 27–6A–1(d) [1977]."

*See also State v. Schofield*, 175 W.Va. 99, 331 S.E.2d 829 (1985); *State v. Baker*, 169 W.Va. 357, 287 S.E.2d 497 (1982).

In this case, both the defendant and his counsel received a copy of the court's finding that the defendant was competent along with a copy of Dr. Allen's report. No steps were taken prior to trial to request a hearing to contest the finding. By their failure to act, they waived their statutory right to a hearing.

### V.

The defendant argues that the psychiatrist failed to follow the trial court's order

---

5. W.Va.Code, 27–6A–1(d), provides, in pertinent part:

"Within five days after the receipt of the report on the issue of competency to stand trial, or if no observation pursuant to subsection (b) of this section has been ordered, within five days after the report on said issue following an examination under subsection (a) of this section, the court of record shall make a finding on the issue of whether the defendant is competent for trial. A finding of incompetence for the trial shall require proof by a preponderance of the evidence. Notice of such findings shall be sent to the prosecuting attorney, the defendant and his counsel. If the court of record orders or if the defendant or his counsel on his behalf within a reasonable time requests a hearing on such findings, a hearing in accordance with section two [§ 27–6A–2] of this article shall be held by the court of record within ten days of the date such finding or such request has been made."

and tape record the defendant's examination, which denied the defendant any benefit which might have been derived from the tape. We determined in *State v. Jackson*, 171 W.Va. 329, 336, 298 S.E.2d 866, 872–73 (1982), that a tape recording of a court-ordered psychiatric examination would be a useful adjunct to a court-ordered psychiatric examination to resolve problems surrounding the examination's accuracy and possible self-incrimination problems. Here, the psychiatrist did not testify making his failure to tape record the session a moot point.

## VI.

 The defendant assigns as error the failure to instruct the jury that intent must be proved beyond a reasonable doubt. The court instructed the jury that the State must prove beyond a reasonable doubt each element of fourth degree arson, including that the defendant wilfully and maliciously attempted to set fire to the Preston County jail. In a separate instruction, the court defined "wilful and malicious" to mean "a deliberate and intentional attempt to set fire to or burn a building as contrasted with an accidental or unintentional attempt to set fire to or burn a building." Reading the instructions as a whole, it is clear that they were adequate and correct under the law set out in Part II of this opinion.

Finally, the defendant complains that the prosecuting attorney's closing argument that plastics in the jail could have burned and emitted toxic fumes was not supported by the facts and denied the defendant a fair trial by inflaming and arousing the prejudices of the jury against the defendant. The prosecutor's argument was undoubtedly a bit hypothetical since there was no testimony that toxic fumes would have been emitted if the fire had continued to burn. However, it was not sufficiently prejudicial to warrant a reversal under Syllabus Point 5 of *State v. Ocheltree*, 170 W.Va. 68, 289 S.E.2d 742 (1982):

"A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice."

*See also* Syllabus Point 7, *State v. Beckett*, 172 W.Va. 817, 310 S.E.2d 883 (1983); Syllabus Point 7, *State v. Buck*, 170 W.Va. 428, 294 S.E.2d 281 (1982).

For the reasons stated, we perceive no reversible error and, accordingly, the judgment of the Circuit Court of Preston County is affirmed.

Affirmed.