**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0916** (Raleigh County 15-F-442-K)

**Donnie Ray Miller,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Donnie Ray Miller, by counsel Timothy P. Lupardus, appeals the September 6, 2019, order of the Circuit Court of Raleigh County resentencing petitioner for the purpose of allowing him to exercise his right to appeal following his convictions for first-degree robbery and conspiracy. Respondent State of West Virginia, by counsel Gordon L. Mowen, II, filed an amended response in support of the circuit court's order.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 15, 2015, Julie's Place, a gambling establishment in Raleigh County, was robbed at approximately 12:15 p.m. Thereafter, petitioner was indicted for first-degree robbery and conspiracy in the Circuit Court of Raleigh County. At petitioner's trial in April of 2018,[2] Teresa Compton, a cashier at Julie's Place, testified that the robber pointed a gun at her and took over

---

[1]By order entered on November 2, 2020, this Court directed the parties to file amended briefs.

[2]There had been a prior mistrial.

$3,000 from the cash register, her personal cell phone, and her work phone. Ms. Compton described petitioner as a frequent customer of Julie's Place and identified him as the robber. On cross-examination, Ms. Compton testified that, on the day of the robbery, she informed the 911 operator that the robber was "a black male with a ski mask and a gun" and did not tell the police that petitioner was the robber.

Mary Munoz, a stylist at a hair salon near Julie's Place, testified that she learned petitioner's name only after the robbery, but that petitioner and his girlfriend would frequently gamble at Julie's Place.[3] Ms. Munoz stated that she saw petitioner outside Julie's Place three times on April 15, 2015, beginning at approximately 8:00 a.m. Ms. Munoz described petitioner as "a large in stature black male wearing black pants and a black hoodie." On cross-examination, Ms. Munoz testified that she "didn't say that [petitioner] did it" when she relayed her observations to the police.

Petitioner's counsel objected to Ms. Compton's and Ms. Munoz's positive identifications of petitioner as the robber, asserting that the State had failed to disclose that each witness would positively identify petitioner. Each time, the circuit court overruled petitioner's objection and allowed the State to proceed with the witness's positive identification of petitioner as the robber. Ultimately, the jury found petitioner guilty of first-degree robbery and conspiracy.

Petitioner filed a motion for a new trial, which was heard at a May 24, 2018, hearing. Relevant here, petitioner argued that "the State violated [petitioner]'s rights by not disclosing that" Ms. Compton and Ms. Munoz would identify positively petitioner at trial, which prejudiced the defense because petitioner's counsel "was not aware of" the positive identifications. Petitioner acknowledged that petitioner's counsel "should have . . . talked to the witness[es]" to determine whether Ms. Compton and Ms. Munoz would positively identify petitioner. In response to petitioner's motion, the State argued that there were no statements by Ms. Compton or Ms. Munoz the State was required to disclose because "[t]here were no formal statements taken." The State noted that it provided Ms. Compton's and Ms. Munoz's names and contact information and the police report, that referenced "[a]ll of the State's witnesses," during discovery. The State further argued that there was no obligation to provide the defense with "a detailed narrative or summary of what each witness will say." Following the parties' arguments, the circuit court denied the motion for a new trial, finding that the State "complied with the trial court rules" and "provided all required discovery."

By order entered on June 6, 2018, the circuit court imposed a sentence of twenty years of incarceration for first-degree robbery and an enhanced sentence of two to five years of incarceration for conspiracy.[4] The circuit court ordered that the sentences run consecutively.

---

[3]Petitioner's girlfriend, Barbara "Bobbie" Mauricio, was described at trial as petitioner's "co-defendant," but, at the time of petitioner's sentencing, Ms. Mauricio still had not been tried.

[4]Following trial, petitioner admitted to a recidivist information alleging that he had one prior felony conviction pursuant to the West Virginia Habitual Statute, West Virginia Code §§ 61-11-18 and 61-11-19.

Subsequently, by order entered on September 6, 2019, the circuit court resentenced petitioner for purposes of appeal.

Petitioner now appeals the denial of the motion for a new trial. We review the circuit court's ruling pursuant to the following standard:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner argues that the State failed to comply with court-ordered pretrial discovery pursuant to Syllabus Point 1 of *State v. Johnson*, 179 W. Va. 619, 371 S.E.2d 340 (1988), in which this Court held that

> [o]ur traditional appellate standard for determining whether the failure to comply with court ordered pretrial discovery is prejudicial is contained in Syllabus Point 2 of *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980), and is applicable to discovery under Rule 16 of the Rules of Criminal Procedure. It is summarized: The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case.

The State counters that, by disclosing Ms. Compton's and Ms. Munoz's names and contact information during discovery, it complied with the requirement set forth in Rule 16(a)(1)(F) of the West Virginia Rules of Criminal Procedure that it "furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the state intends to call in the presentation of the case in chief[.]"[5] We agree with the State.

We find that *Johnson* is distinguishable from the instant case because, in *Johnson*, the State failed to disclose a witness to the defense. 179 W. Va. at 624, 371 S.E.2d at 345. Here, petitioner does not dispute that the State timely disclosed Ms. Compton's and Ms. Munoz's names and contact information. As petitioner acknowledged at the May 28, 2018, hearing, if he wanted to determine whether Ms. Compton and Ms. Munoz would positively identify petitioner at trial, petitioner's counsel "should have . . . talked to the witness[es]."[6] Therefore, we conclude that the

---

[5]On appeal, petitioner does not dispute that there were no statements by Ms. Compton or Ms. Munoz the State was required to disclose because "[t]here were no formal statements taken."

[6]At the May 24, 2018, hearing, petitioner's counsel acknowledged that petitioner could (continued . . .)

3

circuit court did not err in finding that the State "provided all required discovery" pursuant to Rule 16 of the West Virginia Rules of Criminal Procedure.

Petitioner further argues that he was entitled to an *in camera* hearing regarding the reliability of Ms. Compton's and Ms. Munoz's identifications of him, pursuant to Syllabus Point 1 of *State v. Morgan*, 168 W. Va. 506, 284 S.E.2d 924 (1981) (quoting Syl. Pt. 6, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978)), in which we held that "[a] defendant must be allowed an *in camera* hearing on the admissibility of a pending in-court identification when he challenges it because the witness was a party to pre-trial identification procedures that were allegedly constitutionally infirm." The State counters that Syllabus Point 1 of *Morgan* does not apply to the instant case because neither Ms. Compton nor Ms. Munoz was a party to an allegedly constitutionally infirm pretrial identification procedure. Based upon our review of the record, we agree with the State and find that Syllabus Point 1 of *Morgan* is inapplicable to this case. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm the circuit court's September 6, 2019, resentencing order.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISQUALIFIED:**

Justice John A. Hutchison

have a viable ineffective assistance of counsel claim based on the failure to contact Ms. Compton and Ms. Munoz about their prospective testimony. Such a claim is not raised in this appeal.