STATE OF WEST VIRGINIA

*v.*

GEORGE THOMAS FERGUSON

(No. 15126)

Decided December 18, 1981.

*Millard E. Jewell* for appellant.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Deputy Attorney General, for appellee.

PER CURIAM:

Appellant George Thomas Ferguson was convicted of armed robbery in the Circuit Court of Mingo County and sentenced to ten years in the penitentiary. For the reasons set forth below, we reverse.

On June 16, 1978, Frank Newsome, Sr. and his wife took their car to a garage for repair. When they returned home his wife informed him that she had inadvertently left her purse in the car to be repaired so Mr. Newsome drove back to retrieve it. He placed the purse on the seat of his truck next to him and started home. On the way he picked up the appellant and a female juvenile who were hitchhiking together.

During the ride the female sat next to Mr. Newsome and the appellant rode next to the passenger door. Although there was no conversation during the ride, Mr. Newsome did testify that they were elbowing one another. The two

rode for approximately one and a half miles before the appellant said that they would get out. When Mr. Newsome pulled over to the side of the road and stopped the truck, the appellant got out and began walking up the road; the girl grabbed Mrs. Newsome's purse and ran.

Mr. Newsome pursued her on foot. He testified that he and the girl were struggling over the purse and he was about to regain possession of it when the appellant returned and joined in the struggle by jerking the girl away. She ran into a nearby trailer still carrying the purse and the appellant and Mr. Newsome continued to struggle for several minutes. During the course of the scuffle, the appellant asked what was going on and Mr. Newsome replied, "What have you done trying to get my wife's pocketbook?" The appellant answered, "Sonofabitch, you will get it back." At this point the appellant broke away and Mr. Newsome returned to his truck and unsuccessfully followed the girl. He testified that the appellant never had the purse in his hands; that he was not afraid of the appellant until after it was all over; and that he was not in fear that either the appellant or the girl was going to take anything from him until she actually grabbed the purse.

The appellant testified that he had left the truck and was walking toward his girlfriend's house when he heard the girl yell at Mr. Newsome to release her. He ran back to where the two were struggling and saw Mr. Newsome in the truck pulling on her. Assuming she was being molested, the appellant pulled her away and she ran. He testified that he knew nothing about the purse being stolen and denied seeing it in her hands during the struggle.

There was evidence from police officers who investigated the crime that the appellant made a statement to the effect that he did not know the girl was going to take the purse, and that he helped her get loose because he didn't want her to get hurt. A few days after the alleged robbery was committed, the appellant led a third party to

the purse so that he could return it to Mr. Newsome. The purse contained between $30 and $38.

The appellant's principal assertion on appeal is that under the facts adduced at trial the State failed to prove that his acts constituted the offense of robbery. *W. Va. Code*, 61-2-12 [1961] states in part:

> "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years."

We discussed this section of our law at length in the recent case of *State v. Harless*, 285 S.E.2d 461 (1981). We noted that like other states, our statute divides robberies into two categories: robbery by violence which carries a more severe penalty, and a nonviolent robbery which carries a lesser penalty of five to eighteen years. We recognized that although the terms of "armed" and "unarmed" have historically been applied to the two types of robbery under the statute, the more accurate terms would be "aggravated" and "nonaggravated."[1]

> "[T]he distinguishing feature of our nonaggravated robbery is that it is accomplished without violence to the victim and without the threat or presentation of firearms or other deadly weapon or instrumentality but through intimidation that

---

[1] Prior to the 1931 revision of our Code, the robbery statute made the distinction between committing a "robbery being armed with a dangerous weapon" and any other robbery. The 1931 changes to the statute broadened the acts which the statute categorizes as aggravated; now they do not relate solely to whether the defendant is armed.

induces fear of bodily harm in the victim. In the case of an aggravated robbery, fear of bodily harm is not an essential element of the crime, since the actual physical force or threat or presentation of firearms or other deadly weapon or instrumentality is assumed to have created fear of bodily injury." [*State v. Harless*, at page 465].

We agree with the appellant's contention that his actions did not constitute the crime of robbery under *W. Va. Code*, 61-2-12 [1961]. There was no evidence presented at trial that the appellant touched the purse at any point or that he knew it was going to be taken by the girl accompanying him. Likewise there was no evidence that any violence was inflicted upon the victim by the appellant to constitute armed or "aggravated" robbery until after the girl already had the purse in her possession and the appellant was some distance down the road. There was not even evidence that the victim was in fear of bodily harm until the whole occurrence was over.

We conclude from this lack of evidence that the appellant did not commit a robbery. It is a well established rule in this State that: "The animus furandi, or the intent to take and deprive another of his property, is an essential element of the crimes of robbery and larceny." Syl. pt. 2, *State v. McCoy*, 63 W. Va. 69, 59 S.E. 758 (1907). Absent a general statement from the victim that the appellant and the girl were elbowing each other in the truck, there was no evidence that the appellant ever intended to commit a robbery. There was in fact testimony from the victim that when the appellant returned to where the scuffle was taking place, he asked what was going on and told the victim that he would get the purse back. Hence the State's own evidence goes to show the lack of intent rather than appellant's possession of it.

Accordingly, the judgment of the Circuit Court of Mingo County is reversed and the appellant is discharged from custody.

*Reversed; appellant
discharged.*