STATE OF WEST VIRGINIA

*v.*

HARRY SWIGER

(No. 15160)

Decided March 26, 1982.

*Scot S. Dieringer* for appellant.

*Chauncey H. Browning,* Attorney General, and *Robert D. Pollitt,* Assistant Attorney General, for appellee

PER CURIAM:

This is an appeal by Harry Swiger from his conviction for robbery by violence in the Circuit Court of Harrison County. The appellant's principal assertion on appeal concerns his in-court identification allowed by the trial court. Specifically, the appellant contends that: (1) he was deprived of his right to counsel at a pre-trial line-up; (2) the in-court identification made by prosecution witness Donna Van Pelt was not based on observation of the appellant independent of the prior line-up identification; and (3) he should have been granted an *in camera* hearing on the admissibility of the identification.

The facts of the case show that the appellant and one Harold James Morgan, both residents of the State of Ohio, traveled to Clarksburg and checked in at the Sheraton Inn on July 26, 1974.[1] They left the hotel between 8:00 a.m. and 9:00 a.m. the following morning. According to the appellant's testimony, he and Morgan were in the area to confer with an attorney in Fairmont on another legal matter.

At approximately 8:45 a.m. on the morning of July 27, 1974, two men robbed the Garden Fresh Supermarket in

---

[1] The appellant was originally convicted and sentenced to thirty years imprisonment in 1974. No appeal was taken on his behalf although a notice of intent was filed. He subsequently filed a petition for a writ of habeas corpus in federal court and that petition was granted. The appellant was resentenced in June of 1980 to allow for a new appeal period.

Salem, West Virginia.[2] The store clerk, Donna Van Pelt, subsequently identified the appellant as one of the robbers when she was taken to the local magistrate's office on the same afternoon as the robbery. On July 29, 1974, Ms. Van Pelt and Mr. Bartlett, the store manager, were shown a set of photographs and asked if they could identify any of the persons. Ms. Van Pelt identified the appellant's photograph as the person she had seen in the store during the robbery. Both Mr. Bartlett and Ms. Van Pelt identified Mr. Morgan as the second participant in the robbery.

On the next day, July 30, 1974, a line-up was conducted and Ms. Van Pelt again identified the appellant from among the six persons she viewed. The appellant did not have counsel present at the line-up nor did he waive his right to counsel.

The appellant's first contention can be disposed of in short. In *State ex rel. Patterson v. Gwinn*, No. 14392 (W.Va., May 29, 1979) we held that the prosecution cannot buttress its case-in-chief by introducing evidence of a pre-trial identification made in violation of an accused's Sixth Amendment right to counsel. *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *State v. Boyd*, ____ W.Va. ____, 280 S.E.2d 669 (1981). The record in this case indicates that the prosecuting attorney did not attempt to elicit information from any of the witnesses about the pre-trial identification made of the appellant and Mr. Morgn. Indeed, in appellant's brief, he says that the "prosecuting attorney attempted to mask the issues by deleting any reference to pre-trial identification from his direct examination." Under our holdings in *State v. Boyd, supra*, and *State ex rel. Patterson v. Gwinn, supra*, we find that no violation of the appellant's Sixth Amendment right to counsel occurred in this case.

The appellant also contends that he should have been granted an *in camera* hearing on the admissibility of Ms. Van Pelt's identification. In *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978), we adopted the rule that

---

[2] Salem, West Virginia is approximately 15 miles from Clarksburg.

"A defendant must be allowed an *in camera* hearing on the admissibility of a pending in-court identification when he challenges it because the witness was a party to pre-trial identification procedures that were allegedly constitutionally infirm." Syl. pt. 6.

The record shows that the trial court denied the appellant's motion for an *in camera* hearing. We agree with the appellant that such a hearing should have been conducted out of the jury's presence. Even though we have found no violation of appellant's right to counsel because the prosecution did not introduce evidence of the line-up, the line-up itself and the photographic display shown to the two prosecution witnesses may have been unduly suggestive.

We addressed this precise issue in *State v. Boyd, supra,* at 678:

"In determining the admissibility of out-of-court identifications we have consistently followed the test of *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *See, e.g., State v. Rickman,* W.Va., 278 S.E.2d 880 (1981); *State v. Williams,* W.Va., 249 S.E.2d 752 (1978); *State v. Kennedy,* W.Va., 249 S.E.2d 188 (1978); and *State v. Casdorph,* W.Va., 230 S.E.2d 476 (1976). Our formulation of the *Biggers* test was set out in *State v. Kennedy, supra,* as follows:

'In determining whether an out-of-court identification of a defendant is so tainted as to require suppression of an in-court identification a court must look to the totality of the circumstances and determine whether the identification was reliable, even though the confrontation procedure was suggestive, with due regard given to such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' "

The question before us now is whether, under the totality of the circumstances, Ms. Van Pelt's identification of the appellant was constitutionally impermissible on due process grounds. Applying the five-factor *Biggers* test to the facts of this case, we conclude that the witness' in-court identification was based on observations of the appellant other than at the photographic display and line-up. We reach this conclusion based on the following facts: (1) Ms. Van Pelt had adequate opportunity at the time of the robbery to view the man she later identified as the appellant. She testified that while she was working near the front of the store, she observed the appellant pushing a shopping cart around the area. Once, thinking he was going to check out, she went to the cash register to ring up the purchases but he turned around and went back to the main part of the store. Ms. Van Pelt testified that she saw the appellant's face when she passed directly in front of his shopping cart and was only the length of the cart away from him. In addition, the appellant drew her attention when he went to the store safe and began pulling a box from the top of the safe into his shopping cart. (2) Ms. Van Pelt testified that her attention was on the appellant and Mr. Morgan when the crime occurred. Although there were other customers in the store at the time, none of them was in the front of the store where she was working. (3) Ms. Van Pelt described the appellant to the State Police on the same day that the robbery occurred. She told them that he was wearing what appeared to be a brown wig and also described his clothing to them. The State Police later found a brown paper bag containing a wig and the articles of clothing described by Ms. Van Pelt. (4) On cross-examination by defense counsel, the investigating officer testified that Ms. Van Pelt identified both the appellant and Mr. Morgan from the set of nine photographs she and Mr. Bartlett were shown two days after the robbery; he also testified that she correctly identified the appellant on July 30 at the line-up. In addition, Ms. Van Pelt identified the appellant at the magistrate's office where he was taken on the same day as the robbery.

These factors all point to the reliability of Ms. Van Pelt's in-court identification. We are convinced that, despite any possible suggestiveness in either the photographic showup or the line-up, the prosecution met its burden of proving by clear and convincing evidence that Ms. Van Pelt's in-court identification of the appellant was based on observations of him other than at the showup or line-up.

In summary, we find that the *Biggers* test was met; and although the proper course would have been for the trial court to conduct an *in camera* hearing as required by *State v. Pratt, supra*, it would now be meaningless for us to remand for such a heaing when the record clearly shows that the in-court identification was properly allowed. Accordingly, the judgment of the Circuit Court of Harrison County is affirmed.

*Affirmed.*