# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0485** (Wood County 12-F-6)

**Howard C., Defendant Below,**
**Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Howard C.,[1] by counsel John N. Ellem, appeals the Circuit Court of Wood County's April 10, 2014, order sentencing him to a term of not less than one nor more than five years of incarceration followed by thirty years of supervised release.[2] The State, by counsel Shannon Fredrick Kiser, filed a response. On appeal, petitioner alleges that the circuit court erred in admitting testimony under Rule 404(b) of the West Virginia Rules of Evidence; allowing the victim to make an in-court identification; denying his motion for a judgment of acquittal; denying his motion to dismiss; and by subjecting him to supervised release and heightened examinations.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, petitioner was indicted on five counts of various sexual offenses involving two separate victims.[3] On December 10, 2013, the circuit court held a pretrial hearing regarding the State's motion to use 404(b) evidence and petitioner's motion for pre-indictment

---

[1]In keeping with this Court's policy of protecting the identity of minors, we will refer to petitioner by his last initial throughout this memorandum decision.

[2]The circuit court suspended the prison sentence and placed petitioner on home incarceration and supervised release for an additional thirty years.

[3]Counts two through five of the indictment allegedly occurred in 2003 and involved a separate victim. Petitioner made a motion to dismiss these counts, which was granted, and counts two through five were dismissed. The sole remaining count of the indictment charged petitioner with first-degree sexual abuse involving the victim, N.H.

1

delay. During the hearing, the circuit court heard testimony from the victim of count one of the indictment against petitioner, regarding petitioner's lustful disposition towards minors. On December 10, 2012, petitioner's jury trial commenced. After a two-day trial, the jury found petitioner guilty of one count of first-degree sexual abuse of the second victim, N.H.

On January 6, 2014, the circuit court entered a final order regarding trial proceedings and reflecting the jury verdict of guilty. In April of 2014, petitioner was sentenced to not less than one nor more than five years of incarceration. The circuit court suspended the sentence and placed him on home incarceration and supervised release for an additional thirty years. The resulting final and sentencing orders are now on appeal. Petitioner raises five separate assignments of error, which are each discussed below. "'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 6, *State v. Anderson*, 233 W.Va. 75, 754 S.E.2d 761 (2014).

Upon our review, we find no error in the circuit court allowing the 404(b) testimony regarding petitioner's prior bad acts. The testimony of a separate victim, K.R., that petitioner inappropriately touched the victim in her crotch area through her clothing, that she identified petitioner as her abuser in the circuit court, the State noticed its intention to use Rule 404(b) testimony to prove petitioner's lustful disposition, and the circuit court correctly admitted the testimony following a hearing.[4] The circuit court then instructed the jury that the testimony was explicitly introduced for the purpose of proving petitioner's lustful disposition towards children and prohibited the jury from using the testimony as indicia of proof for any other element of the crime charged. We have previously held "that evidence of prior bad acts involving child sexual abuse or assault may be introduced under Rule 404(b) of the West Virginia Rules of Evidence in criminal cases involving the same to show that a defendant has a 'lustful disposition towards children.'" Syl. Pt. 1, *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990). Accordingly, the circuit court did not err in allowing the admission of 404(b) evidence related to petitioner's lustful disposition.

Second, petitioner argues that the circuit court abused its discretion in allowing the victim to identify him during trial and refer to him as "Howard." According to petitioner, the victim did not recognize him before she saw him at the courthouse the day of trial. Therefore, petitioner argues that the victim should not have been allowed to identify him during her testimony. We disagree. For the purpose of determining the veracity or truthfulness of a witness who is making an in-court identification of a criminal defendant, we have indicated that such a finding is "clearly a question properly submitted to a jury." *State v. Gravely*, 171 W.Va. 428, 436, 299 S.E.2d 375, 383 (1982). In this case, the victim's in-court identification was properly a question for the jury, who were competent enough to discern the truth following extensive cross-examination of the victim by petitioner's defense counsel. The victim had ample time to view

---

[4]The circuit court found that through the testimony of a separate victim, K.R., that petitioner inappropriately touched the victim in her crotch area through her clothing, that she identified petitioner as her abuser, that the act was more recent than the crime charged in the underlying criminal matter, and that the abuse was likely recent enough to bar any challenges to K.R.'s recollection.

petitioner at the time of the crime. The victim knew the identity of petitioner and, although she had trouble recalling his physical features, she immediately recognized petitioner upon seeing him again. The victim was consistent throughout her testimony, repeatedly replaying the events of her abuse. Petitioner was an adult at the time of the abuse and there was likely not a significant change in his core physical traits between the time of abuse and his prosecution. Because the totality of the circumstances indicates that both the victim's identification of petitioner and the circuit court's examination of the victim's testimony were procedurally sound, petitioner is not entitled to the relief he seeks.

As to petitioner's argument that the circuit court erred by not granting a judgment of acquittal, this Court finds no merit to this argument. We apply "a de novo standard of review to the denial of a motion for judgement of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.29 562, 567 (2011) (citing *State v. LaRock*, 192 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). "Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *Id*. Additionally, pursuant to Syl. Pt. 1, *State v. Haid*, 228 W.Va. 510, 721 S.E.2d 529 (2011), "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony in inherently incredible, [and] credibility is a question for the jury."

Here, the circuit court properly ruled that the State's evidence was sufficient to warrant the denial of petitioner's motion for acquittal. The State offered evidence of petitioner's lustful disposition towards children, through the testimony of a separate victim, K.R. The State next offered the victim's own testimony that she and petitioner were present at the church on the day of the abuse. The victim's mother and one of petitioner's relatives also testified that the victim and petitioner were present at the church on the day of the abuse. The State offered evidence showing that petitioner was the abuser, the victim had been abused, establishing the location of the abuse, uncovering the circumstances of the abuse, and revealing the method by which petitioner abused the victim. Therefore, the State offered proof, capable of producing a verdict of guilt beyond a reasonable doubt that petitioner sexually abused the victim. Taking that evidence into consideration in the light most favorable to the State, a reasonable trier of fact could find petitioner guilty beyond a reasonable doubt, as the jury ultimately decided in this matter. For these reasons, we find no error in the circuit court denying petitioner's motion.

Petitioner next argues that the circuit court erred by not granting his motion to dismiss for pretrial delay insofar as petitioner was indicted in January of 2012 for a crime that was alleged to have been committed in July of 1999. Petitioner argues that even though a hearing on pre-indictment delay was held in this matter, the prejudice to him is inescapable. We disagree. In *State v. Poore*, 226 W.Va. 727, 735, 704 S.E.2d 727, 735 (2010), we set forth the following guidelines that lower courts must observe to protect the due process rights of criminal defendants against the dangers of unfair prejudice caused by unreasonable preindictment delay:

> [t]o maintain a claim that preindictment delay violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and Article III, Section 10 of the West Virginia Constitution, the defendant must show actual prejudice has resulted

from the delay. Once the showing has been made, the trial court must then balance the resulting prejudice against the reasonableness of the delay. In balancing these competing interests, the core inquiry is whether the government's decision is to prosecute after substantial delay violates fundamental notions of justice or the community's sense of fair play.

In this case, petitioner has been unable to show actual prejudice. Instead he can only speculate that now-unavailable church attendance records could indicate that the victim was not present during the time of the abuse. Based on our review of the record, there is simply nothing that would suggest petitioner suffered actual prejudice. Thus, we find that reversal is not warranted in light of the fact that the allegation of the unavailable attendance records went uninvestigated at trial and does not constitute the actual prejudice necessary to successfully challenge an indictment under *Poore*.

Finally, petitioner argues that the circuit court erred by subjecting him to supervised release and heightened examinations pursuant to West Virginia Code § 62-12-26 insofar as these requirements were changed effective October 1, 2006, well beyond the crime's commission in 1999. Petitioner further contends that the imposition of the supervised release violates his rights under due process clauses and ex-post facto clauses of the United States and West Virginia Constitutions. We find that such an argument is in stark contrast to our previous holdings. We have previously held that supervised release and registration requirements for convicted sex offenders do not violate the ex-post facto clauses of the West Virginia and United States constitutions, as the aforementioned requirements are civil in nature, rather than punitive, and carry with them a legislative intent of supervision for the purposes of public safety. *See generally Hensler v. Cross*, 210 W.Va. 530, 558 S.E.2d 330 (2001); *Haislop v. Edgell*, 215 W.Va. 88, 593 S.E.2d 839 (2003). Further, we have also found that the increased registration and supervision requirements have not impacted procedural due process safeguards, or invoked consideration under constitutional protections against cruel and unusual punishment or double jeopardy. *See generally State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011); *State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013). In fact, in his petition, petitioner concedes that unsuccessful ex post facto challenges have previously been made to the West Virginia Sex Offender Registration Act. In making his argument, petitioner relies on rulings from other states interpreting their own reporting and registration statutes. This Court, however, does not find these authorities persuasive and, based upon West Virginia jurisprudence, finds that petitioner is entitled to no relief.

For the foregoing reasons, the circuit court's April 10, 2014, sentencing order is hereby affirmed.

Affirmed.

4

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

       I dissent and would bring the case in for argument on the issue of whether the victim waiting ten years to come forward, and the resultant loss of potential exculpatory evidence in the form of Sunday school attendance records, violates the sense of fair play.